UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DASHAUN GILBY,           ) | |
|                          ) | |
|     Plaintiff,    ) | |
|                          ) | |
|   v.                     ) | No. 2:19-cv-00613-JRS-MJD |
|                          ) | |
| ASHLEY,                  ) | |
|                          ) | |
|     Defendant.   ) | |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On December 19, 2019, plaintiff Dashaun Gilby brought this action pursuant to 42 U.S.C. § 1983, alleging defendant Nurse Ashley Rembold (referred to in the complaint as "Nurse Ashley") was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Dkt. 1. On May 20, 2020, Nurse Rembold filed a motion for summary judgment arguing that Mr. Gilby's claim is barred under the exhaustion provision of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Mr. Gilby did not file a response, and the time to do so has passed. For the reasons explained below, the unopposed motion for summary judgment is **GRANTED**.

**I.
BACKGROUND**

**A. Inmate Grievance Process**

The purpose of the Inmate Grievance Process is to provide inmates committed to the Indiana Department of Correction ("IDOC") with an administrative means to resolve concerns and complaints relating to their conditions of confinement. Dkt. 17-1, para. 6. Inmates may use the grievance process to raise complaints about medical treatment. Dkt. 17-3, p. 3.

From October 1, 2017, to March 31, 2020, the Inmate Grievance Process consisted of the following steps: (1) an informal grievance; (2) a formal grievance; (3) a facility level appeal; and (4) an IDOC level appeal. Dkt. 17-3, p. 3. Inmates must timely complete each of these steps to complete the grievance process. Dkt. 17-2, para. 9. On April 1, 2020, this process was modified to remove the requirement of filing an informal grievance. *Id.* at para. 8; dkt. 17-6, p. 3.

If a grievance is initiated prior to the inmate's transfer or release, the offender may exhaust the administrative remedies available through the grievance process at the former facility. Dkt. 17-3, p. 14; dkt. 17-6, p. 14.

Inmates at Reception Diagnostic Center ("RDC") and Wabash Valley Correctional Facility ("WVCF") are provided with a copy of the grievance process upon their arrival at each facility. Dkt. 17-1, para. 6; dkt. 17-2, para.

### B. Mr. Gilby's Claim and Grievance History

Mr. Gilby alleges that that Nurse Rembold was deliberately indifferent to his serious medical needs while he was incarcerated at RDC. Dkt. 1. According to the complaint, on December 1, 2019, Nurse Rembold went to Mr. Gilby's housing unit and applied a medicated cream to a rash on his back. *Id.* Mr. Gilby informed Nurse Rembold that she needed to clean the affected skin before applying the cream, but she allegedly replied that she did not care and had better things to do. *Id.* Nurse Rembold's alleged failure to clean the skin before applying the cream caused the rash to spread and become worse. *Id.* Throughout Mr. Gilby's incarceration at RDC, Nurse Ashley continued to apply cream to his rash without cleaning the skin. *Id.*

Mr. Gilby submitted a formal grievance about this incident on December 1, 2019. Dkt. 17-5, p. 1. He was transferred to WVCF on December 3, 2019. Dkt. 17-2, para. 12. Following

this transfer, he did not pursue a facility level appeal at RDC or an IDOC level appeal regarding this incident. Dkt. 17-1, para. 11; Dkt. 17-5.

## II.
## LEGAL STANDARD

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited

materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

The plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. See S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns*, Inc., 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### III.
### DISCUSSION

The substantive law applicable to this motion for summary judgment is the PLRA, which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or

threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendant in this case bears the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

Mr. Gilby failed to exhaust the administrative remedies available to him at the time he filed this complaint. Because Mr. Gilby did not respond to the motion for summary judgment, it is undisputed that although he was aware of the IDOC Inmate Grievance Process and filed a formal grievance, he failed to submit a facility level appeal or an IDOC level appeal regarding the incident described in the complaint. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.
## CONCLUSION

For the reasons explained above, the defendant's motion for summary judgment, dkt. [15], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

5

Date: 10/2/2020

*[signature]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DASHAUN GILBY
268368
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com